Sheldon I. Hirshon (SH-0070)
Michael T. Mervis (MM -0306)
Craig A. Damast (CD-4234)
Lawrence S. Elbaum (LE-4157)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

Presentment Date: October 26, 2011 at 12:00 noon

*Counsel for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| 785 Partners LLC, | ) | Case No. 11-13702 (SMB) |
| Debtor. | ) | |

**DEBTOR'S REPLY TO OBJECTION OF FIRST MANHATTAN DEVELOPMENTS REIT TO DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF THE WEITZMAN GROUP, INC. AS REAL ESTATE AND FINANCIAL CONSULTANT TO THE DEBTOR *NUNC PRO TUNC* TO SEPTEMBER 27, 2011**

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

785 Partners LLC, the above-captioned debtor and debtor in possession (the "Debtor"), as and for its reply (the "Reply") to the objection (the "Objection") of First Manhattan Developments REIT ("First Manhattan") to the Debtor's application for entry of an order authorizing the Debtor to retain and employ The Weitzman Group, Inc. ("Weitzman") as its real estate and financial consultant *nunc pro tunc* to September 27, 2011 (the "Application"),[1] respectfully states as follows:

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meaning ascribed to them in the Application.

1. On October 12, 2011, the Debtor filed the Application [Docket No. 55]. On October 21, 2011, First Manhattan filed the Objection [Docket No. 66].

2. First Manhattan's Objection is frivolous and filed merely to harass and distract the Debtor. Moreover, First Manhattan cannot and should not be permitted to dictate who the Debtor retains as professionals or how the Debtor's chapter 11 case should be prosecuted. *See e.g.* Collier on Bankruptcy P 327.04 ("Trustees may select their own attorneys, accountants and other professional persons without interference from creditors.").

3. In any event, the services to be performed by Weitzman are *not* duplicative of the services being performed by Miller Cicero and Citi Habitats. Miller Cicero was retained to prepare an appraisal in the context of First Manhattan's motion to dismiss and for relief from stay. Citi Habitats is being retained as marketing and leasing agent for the Building. Neither Miller Cicero nor Citi Habitats has assisted or will assist in developing an achievable debt repayment plan.*[2]*

4. It is *not* unclear, as First Manhattan alleges, whether the Debtor's estate or Time Square will pay the remainder of Weitzman's fees. As set forth in paragraph 14 of the Application, "[a]lthough Weitzman is being retained by the Debtor, its fees will be paid by Time Square Construction & Development ("Time Square"), an affiliate of the Debtor, which has provided Weitzman with a $21,000.00 retainer in connection with this engagement."

---

*[2]* 1. As set forth in the Application, to *supplement* the appraisal of the Building prepared by Miller Cicero, the Debtor proposes to employ Weitzman to provide a marketability and capital analysis of the Building to assist the Debtor in formulating a debt repayment program to be included in the Plan (the "Weitzman Services"). The Weitzman Services will include, among other things, (a) analysis of the Building's physical characteristics, environment and competitive position in the marketplace, (b) analysis of the key economic and demographic variables that influence the demand for luxury rental and condominium housing, (c) analysis of the Manhattan housing market including historical patterns and trends, (d) analysis of the current investment climate for Manhattan residential real estate developments and available sources of funding through the debt and equity markets, and (e) consulting with the Debtor concerning a practical and achievable debt repayment plan – respecting First Manhattan's claim – to be included in the Plan, including appropriate interest rate terms and a repayment schedule.

5. First Manhattan's contention that the financial resources of First Manhattan's guarantors will be depleted if the Debtor is permitted to retain Weitzman at Time Square's expense is irrelevant and of no concern. Weitzman's remaining fees are in total only $21,000. Moreover, it is disingenuous for First Manhattan to complain that Weitzman's minimal fees will cause the Debtor's estate to incur additional administrative expenses – which is not true because Time Square is paying for those services – while forcing the Debtor to waste time and incur expenses responding to First Manhattan's baseless Objection.

WHEREFORE, the Debtor respectfully requests that the Court (i) enter an order (a) granting the Application, and (b) overruling the Objection, and (ii) grant the Debtor such other and further relief as may be equitable and just.

Dated: October 25, 2011

PROSKAUER ROSE LLP

/s/ Sheldon I. Hirshon
Sheldon I. Hirshon (SH-0070)
Michael T. Mervis (MM-0306)
Craig A. Damast (CD-4234)
Lawrence S. Elbaum (LE-4157)
Eleven Times Square
New York, New York 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

*Counsel for the Debtor and Debtor in Possession*